# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JAMIL CURETON,

        Plaintiff,                      CIVIL ACTION NO. 16-cv-12628

    v.                                 DISTRICT JUDGE GEORGE CARAM STEEH

ANTHONY VANCE, CRAIG        MAGISTRATE JUDGE MONA K. MAJZOUB
F. WININGER, and THOMAS
SONDGEROTH,

        Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Jamil Cureton commenced this *pro se* civil action against Assistant United States Attorneys (AUSAs) Anthony Vance and Craig F. Wininger and Federal Bureau of Investigation (FBI) Special Agent Thomas Sondgeroth[1] on July 14, 2016, alleging claims of malicious prosecution. (Docket no. 1.) Before the Court is Defendants' Motion to Dismiss. (Docket no. 14.) Plaintiff filed an untimely response to Defendants' Motion (docket no. 16), to which Defendants replied (docket no. 18). Plaintiff has also filed what appears to be a sur-reply to Defendants' reply brief. (Docket no. 19.) This matter has been referred to the undersigned for all pretrial purposes. (Docket no. 7.) The undersigned has reviewed the pleadings, dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), and issues this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

---

[1] Plaintiff misspelled Defendant Sondgeroth's last name as "Sonderoth" in the Complaint. (*See* docket nos. 1, 14.)

**I.     RECOMMENDATION**

For the reasons that follow, it is recommended that Defendants' Motion to Dismiss (docket no. 14) be converted into a motion for summary judgment and that the Motion for Summary Judgment be **GRANTED**.

**II.    REPORT**

**A.     Background**

On May 3, 2012, a grand jury returned an indictment that charged Plaintiff and eleven others with participating in a conspiracy to distribute cocaine, crack cocaine, and marijuana, among other things. (Docket no. 14 at 7; *United States v. Norwood*, No. 4:12-cr-20287, docket no. 3 (E.D. Mich.).) Specifically, Plaintiff was charged with one count of Racketeering Conspiracy under 18 U.S.C. § 1962(d) and one count of Distribution of Cocaine Base under 21 U.S.C. § 841(a)(1). *Norwood*, No. 4:12-cr-20287, docket no. 3 at 2, 27. The indictment was signed by the grand jury foreperson as well as Defendants Vance and Wininger. (Docket no. 14 at 8; *Norwood*, No. 4:12-cr-20287, docket no. 3 at 40.) Plaintiff was detained pending trial, after which he was acquitted on July 22, 2014. (Docket no. 14 at 8-9; *Norwood*, No. 4:12-cr-20287, docket nos. 53, 719.)

Plaintiff filed the instant Complaint against Defendants on July 14, 2016, alleging claims of malicious prosecution. (Docket no. 1.) Plaintiff's "Statement of Claim" is reproduced in its entirety, below:

> Mr. Cureton was subject to malicious prosecution for engaging in a racketeering conspiracy as part of a criminal street gang and for distributing cocaine base. Mr. Cureton was acquitted of these charges, as the only witness regarding the drug distribution charge failed to identify Mr. Cureton as having provided cocaine base. No evidence existed that Mr. Cureton was a member of a criminal street gang engaged in a criminal racketeering conspiracy. Mr. Cureton was prosecuted because of his criminal past, not because of any actual evidence of wrong doing in the instant matter. As to Anthony P. Vance maliciously sought prosecution

>> against Mr. Cureton with the knowledge of Mr. Cureton NOT doing anything wrong (May 3, 2012).  As to Craig F. Wininger maliciously sought prosecution was to do to Mr. Sondgeroth's malicious and falsified evidence against Mr. Cureton.  With this falsified evidence, Mr. Cureton was named in the RICO indictment as a defendant and was charged with I. Racketeering, II. Sell/Distribution of a controlled substance (May 3, 2012).

(Docket no. 1 at 6 (typographical errors corrected, grammatical errors and emphasis in original).)

As relief, Plaintiff seeks compensatory and punitive damages as well as costs and attorney's fees. (*Id*. at 7.)

### B.      Governing Law

#### 1.      *Motion to Dismiss Standard*

Defendants move to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Docket no. 14.)  When deciding a motion under Rule 12(b)(6), the court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002).  The plaintiff must provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (quoting Fed. R. Civ. P. 8(a)(2)).  But this statement "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The plaintiff cannot rely on "legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action;" instead, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  This "facial plausibility" is required to "unlock the doors of discovery." *Id.*  To make this determination, the *Iqbal* Court set out the following two-step analysis:

> [A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 679.

"When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (citation omitted).

### 2. *Summary Judgment Standard*

As further discussed below, Defendants' Motion is more appropriately construed as a motion for summary judgment. Summary judgment is appropriate where the moving party shows that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Covington v. Knox Cnty. Sch. Sys.*, 205 F.3d 912, 915 (6th Cir. 2000). Rule 56 expressly provides that:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

4

Fed. R. Civ. P. 56(c)(1).  "The court need consider only the cited materials, but it may consider other materials in the record."  Fed. R. Civ. P. 56(c)(3).

Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. *Covington*, 205 F.3d at 915.  A mere scintilla of evidence is insufficient to defeat a properly supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).  Ultimately, a district court must determine whether the record as a whole presents a genuine issue of material fact, drawing "all justifiable inferences in the light most favorable to the non-moving party."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)*; Hager v. Pike County Bd. Of Educ.*, 286 F.3d 366, 370 (6th Cir. 2002).

    **C.**    **Analysis**

        *1.*    *Conversion of Defendants' Motion to Dismiss into a Motion for Summary Judgment*

Defendants filed the instant Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  Both parties, however, rely on evidence extrinsic to the pleadings in support of their arguments.  (*See* docket nos. 16, 18.)  Federal Rule of Civil Procedure 12(d) provides that if matters outside the pleadings are presented to and not excluded by the court on a Rule 12(b)(6) motion, the motion must be treated as one for summary judgment under Rule 56.  Fed. R. Civ. P. 12(d).  If this occurs, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."  *Id.*  "Whether notice of conversion of a motion to dismiss to one for summary judgment by the court to the opposing party is necessary depends upon the facts and circumstances of each case."  *Salehpour v. Univ. of Tennessee*, 159 F.3d 199, 204 (6th Cir. 1998).  However, "[w]here one party is likely to be surprised by the proceedings,

5

notice is required." *Id*. "The Sixth Circuit explained that there is no surprise to the parties when a district court sua sponte decides to convert a motion to dismiss to one for summary judgment if (a) both sides submit extrinsic material as exhibits to their pleadings, (b) the parties had the opportunity to respond to arguments and exhibits that were submitted by the other side, and (c) the parties had the opportunity to fully address all arguments for dismissal." *Wilkes v. Nat'l Credit Union Admin. Bd.*, No. 15-CV-11389, 2015 WL 7889049, at *1 n.1 (E.D. Mich. Dec. 4, 2015) (Steeh, J.) (citing *Shelby Cty. Health Care Corp. v. S. Council of Indus. Workers Health & Welfare Trust Fund*, 203 F.3d 926, 931-32 (6th Cir. 2000)).

Here, Plaintiff submitted extrinsic evidence to the court as exhibits to his Response to Defendants' Motion. (*See* docket no. 16.) Defendants also submitted exhibits extrinsic to the pleadings with their Reply to Plaintiff's Response. (*See* docket no. 18.) "Because the parties both submitted numerous exhibits fully addressing [Defendants'] argument for dismissal, they had sufficient notice that the district court could consider this outside material when ruling on the issues presented in [Defendants'] motion to dismiss and could convert it into a motion for summary judgment under Fed.R.Civ.P. 12(b)." *Shelby Cty. Health Care Corp.*, 203 F.3d at 932. Also, Plaintiff has taken the opportunity to respond to and address the arguments and exhibits that Defendants submitted as part of their Reply brief by filing a sur-reply. (*See* docket no. 19.) Furthermore, this Report and Recommendation serves as additional notice to the parties that the court may be converting Defendants' Motion into one for summary judgment, and the parties can submit any other supporting evidence that they have with any objections that they may have to this Report and Recommendation. Accordingly, Defendants' Motion to Dismiss should be converted into a motion for summary judgment.

6

### 2. *Plaintiff's Malicious Prosecution Claims*

Plaintiff's claims sound in malicious prosecution under the Fourth Amendment.[2] To prevail on a Fourth Amendment malicious prosecution claim, a plaintiff must show that (1) "a criminal prosecution was initiated against the plaintiff and that the defendant made, influenced, or participated in the decision to prosecute;" (2) "there was a lack of probable cause for the criminal prosecution;" (3) the plaintiff suffered a deprivation of liberty as a result of the criminal prosecution; and (4) the criminal prosecution was resolved in the plaintiff's favor. *Sykes v. Anderson*, 625 F.3d 294, 308-09 (6th Cir. 2010) (citations and internal quotation marks omitted); *Meeks v. Larsen*, 611 F. App'x 277, 282 (6th Cir. 2015).

#### a. <u>Defendants Vance and Wininger</u>

Plaintiff alleges that Defendant AUSA Vance maliciously prosecuted Plaintiff with the knowledge that Plaintiff did not do anything wrong. (Docket no. 1 at 6.) With regard to Defendant AUSA Wininger, Plaintiff alleges that he maliciously prosecuted Plaintiff due to Defendant Sondgeroth's "malicious and falsified evidence." (*Id*.) "[A] special assistant to the Attorney General of the United States, in the performance of the duties imposed upon him by law, is immune from a civil action for malicious prosecution based on an indictment and prosecution, although it results in a verdict of not guilty rendered by a jury." *Yaselli v. Goff*, 12 F.2d 396, 406 (2d Cir. 1926), *aff'd*, 275 U.S. 503 (1927). "The immunity is absolute, and is grounded on principles of public policy." *Id*. This absolute immunity extends to "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, . . . includ[ing] the professional evaluation of the evidence assembled by the police and appropriate

---

[2] To the extent that Plaintiff purports to assert claims of malicious prosecution under common law or state law, Plaintiff's claims fail, as those torts require a showing of malice on the part of Defendants, which Plaintiff has not alleged or demonstrated in this matter. *See Sanders v. Jones*, 845 F.3d 721, 728 n.4 (6th Cir. 2017), *as amended on denial of reh'g* (Mar. 20, 2017); *Sykes v. Anderson*, 625 F.3d 294, 309-10 (6th Cir. 2010); *Moldowan v. City of Warren*, 578 F.3d 351, 390 (6th Cir. 2009).

preparation for its presentation at trial or before a grand jury after a decision to seek an indictment has been made." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). It also extends to the "knowing use of false testimony before the grand jury and at trial." *Burns v. Reed*, 500 U.S. 478, 485 (1991) (citing *Imbler v. Pachtman*, 424 U.S. 409, 421-424 (1976)). Prosecutors are not absolutely immune, however, for investigative or administrative acts. *Spurlock v. Thompson*, 330 F.3d 791, 798 (6th Cir. 2003). Likewise, absolute immunity does not extend to a prosecutor accused of fabricating evidence when he was acting in an investigatory fashion rather than as an advocate, or to the prosecutor's subsequent presentation of that fabricated evidence to a grand jury. *Buckley*, 509 U.S. at 275-76. In that instance, the prosecutor may only be entitled to qualified immunity. *Id*. Therefore, as long as Defendants Vance and Wininger were performing the duties of a prosecutor, they are protected by absolute immunity.

Plaintiff's sole allegations against Defendants Vance and Wininger are that they maliciously prosecuted him and that Defendant Wininger did so with the use of falsified evidence. (Docket no. 1 at 6.) The crux of Plaintiff's allegations becomes more apparent in his response and sur-reply to Defendants' Motion, in which he asserts that Defendants maliciously prosecuted him by presenting to the grand jury false evidence that he distributed illegal narcotics. (Docket no. 16 at 2, 4; docket no. 19 at 3, 4.) But the Supreme Court has held that a prosecutor's act of presenting evidence to a grand jury is a prosecutorial duty protected by absolute immunity, even if that evidence is known to be false. *See Buckley, Burns, supra*. Accordingly, Defendants are absolutely immune from Plaintiff's malicious prosecution claims on this basis.

In his Response to Defendants' Motion, Plaintiff asserts that Defendants, collectively, are the ones who fabricated the false evidence. (Docket no. 16 at 3, 4.) But while it could be inferred that Plaintiff actually made such an allegation against Defendant Sondgeroth in the

8

Complaint, Plaintiff does not explicitly or impliedly make such an allegation against Defendants Vance or Wininger in the Complaint. Thus, Plaintiff's assertion in his Response that Defendants Vance and Wininger fabricated evidence necessarily fails. Even if the court were to consider Plaintiff's assertion as a valid allegation against Defendants Vance and Wininger, Plaintiff's malicious prosecution claims against them still fail, as the forthcoming discussion demonstrates.

According to Plaintiff, the allegedly false evidence is a September 9, 2009 statement made by Teresa McCloud that she had purchased crack cocaine from a man whom she later identified as Plaintiff. (Docket no. 16 at 3, 12-15.) Plaintiff submitted this statement and related documentation as exhibits to his Response, and this evidence reveals that the statement was taken by Sergeant Wright, and the photograph identification of Plaintiff was later obtained from Ms. McCloud by Task Force Officer Darren L. Lopez. (*Id.* at 12-15.) At no point does this evidence indicate that any of the Defendants had any involvement in the acquisition of Ms. McCloud's statement and identification of Plaintiff as the person who sold her crack cocaine. (*See id.*) Moreover, in reply to Plaintiff's Response, Defendants Sondgeroth, Vance, and Wininger each submitted a sworn declaration affirming that they did not begin working on the investigation that resulted in the indictment of Plaintiff until after Ms. McCloud's statement and identification of Plaintiff were made, so they were not and could not have been involved in the production of the allegedly false evidence or its supporting documentation. (Docket nos. 18-2, 18-4, 18-5.) Plaintiff has not provided evidence to the contrary. Accordingly, to the extent that Plaintiff alleges that Defendants Vance or Wininger (or Sondgeroth) maliciously prosecuted him by fabricating evidence and presenting that evidence to the grand jury, Plaintiff's claims fail. Defendants Vance and Wininger are therefore entitled to absolute immunity on Plaintiff's malicious prosecution claims, and the court should enter summary judgment in their favor.

b. <u>Defendant Sondgeroth</u>

Plaintiff alleges that Defendant Wininger maliciously prosecuted Plaintiff due to Defendant Sondgeroth's "malicious and falsified evidence against [Plaintiff]." (Docket no. 1 at 6.) Defendants argue that Plaintiff cannot succeed on the probable cause element of a malicious prosecution claim against Defendant Sondgeroth because Plaintiff was indicted by a grand jury. (Docket no. 14 at 14-16.) Indeed, the Sixth Circuit has held that:

> "[a]s a general rule, the finding of an indictment, fair upon its face, by a properly constituted grand jury, conclusively determines the existence of probable cause. However, an exception applies where the indictment was obtained wrongfully by defendant police officers who knowingly presented false testimony to the grand jury. This exception also covers officers who testify with a reckless disregard for the truth."

*Robertson v. Lucas*, 753 F.3d 606, 616 (6th Cir. 2014) (citations and quotation marks omitted). As discussed above, Plaintiff's allegation that Defendant Sondgeroth fabricated evidence against Plaintiff fails, and Plaintiff does not allege that Defendant Sondgeroth testified before the grand jury. Plaintiff therefore cannot overcome the presumption that probable cause existed for the criminal prosecution, and he consequently cannot meet the second element of a Fourth Amendment malicious prosecution claim. Accordingly, Defendant Sondgeroth cannot be held liable for malicious prosecution of Plaintiff.[3]

**D. Conclusion**

For the above-stated reasons, the court should convert Defendants' Motion to Dismiss (docket no. 14) into a motion for summary judgment and **GRANT** the Motion for Summary Judgment.

---

[3] Where there is no constitutional violation, Plaintiff's claim fails as a matter of law, and Defendant Sondgeroth is therefore entitled to summary judgment and does not need qualified immunity. *See Marvin v. City of Taylor*, 509 F.3d 234, 244 (6th Cir. 2007).

**III.     NOTICE TO PARTIES REGARDING OBJECTIONS**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Eastern District of Michigan Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: June 21, 2017                    s/ Mona K. Majzoub
                                        MONA K. MAJZOUB
                                        UNITED STATES MAGISTRATE JUDGE

## **PROOF OF SERVICE**

      I hereby certify that a copy of this Report and Recommendation was served upon Plaintiff and counsel of record on this date.

Dated: June 21, 2017        <u>s/ Lisa C. Bartlett</u>
                                      Case Manager