UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMIL CURETON,  CASE NO. 16-CV-12628
 HON. GEORGE CARAM STEEH
 Plaintiff, MAG. JUDGE MONA K. MAJZOUB

v.

ANTHONY VANCE, CRAIG
F. WININGER, and THOMAS
SONDGEROTH,

 Defendants.
_____/

**ORDER ACCEPTING REPORT AND RECOMMENDATION
(Doc. 20) GRANTING DEFENDANTS' MOTION TO
DISMISS OR FOR SUMMARY JUDGMENT (Doc. 14), AND
OVERRULING PLAINTIFF'S OBJECTIONS (Doc. 21)**

Pro se plaintiff Jamil Cureton alleges that defendant Assistant United States Attorneys ("AUSAs") Anthony Vance and Craig Wininger and FBI agent Thomas Sondgeroth are liable for malicious prosecution. Defendants filed a motion to dismiss which this court referred to Magistrate Judge Mona K. Majzoub for a report and recommendation. Because plaintiff submitted many exhibits outside the pleadings for the court's review, the magistrate judge converted the motion into a motion for summary judgment. The magistrate judge has now issued her report and recommendation. Plaintiff has filed objections to that report which the court

- 1 -

has duly considered. Having done so, the court shall overrule the objections, accept the report and recommendation, and grant defendants' motion.

## I. Background

The Complaint alleges that jurisdiction is based on diversity as plaintiff is a resident of Durham, North Carolina, and defendants are citizens of Michigan. Although plaintiff does not identify *Bivens*, as the basis for relief, given plaintiff's pro se status, and the requirement that the court construe pro se plaintiff's pleadings liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the court finds that the magistrate judge properly analyzed plaintiff's Complaint under both Michigan and federal law.

The Magistrate Judge set forth the pertinent facts of this case in her report and the court reiterates those salient facts here. On May 3, 2012, a grand jury returned an indictment that charged plaintiff and eleven others with participating in a conspiracy to distribute cocaine, crack cocaine, and marijuana. Plaintiff was charged with one count of Racketeering Conspiracy under 18 U.S.C. § 1962(d) and one count of Distribution of Cocaine Base under 21 U.S.C. § 841(a)(1). The grand jury foreperson and defendants Vance and Wininger signed the indictment. Plaintiff was detained pending trial after a finding that he posed a danger to the

community based in part, on his prior felony convictions for drug and firearm offenses. Plaintiff was acquitted on July 22, 2014.

Plaintiff filed his pro se Complaint against AUSAs Vance and Wininger alleging that Vance sought prosecution with the knowledge that plaintiff had not done anything wrong, and that Wininger sought prosecution due to Agent Sondgeroth's falsified evidence. In his response and sur-reply to defendants' motion, plaintiff's allegations are refined and allege that the defendant AUSAs presented false evidence to the grand jury, and that they themselves fabricated false evidence, and that Agent Sondgeroth falsified evidence. Specifically, plaintiff alleges that the false evidence was a statement by Theresa McCloud from September, 2009 that she purchased crack cocaine on September 9, 2009 from an individual she later identified in a photograph as the plaintiff. The statement was taken by Sergeant Wright and the photograph identification of plaintiff was obtained from McCloud by Task Force Officer Darren L. Lopez.

None of the defendants began working on the Howard Boys investigation until after McCloud made her statement. Over a year after the indictment issued, in October, 2013, McCloud recanted her earlier statement. Plaintiff argues that McCloud's earlier statement identifying him as the seller of crack cocaine constitutes falsified evidence.

Magistrate Judge Majzoub found that defendants AUSAs Vance and Wininger were entitled to absolute immunity as they were performing their duties as prosecutors for the conduct alleged. The magistrate judge also found that Agent Sondgeroth did not join the investigation until 2010, and McCloud did not recant her identification until 2013; thus, Agent Sondgeroth could not be liable for McCloud's allegedly false identification in 2009. The magistrate judge issued her report and recommendation based upon the parties' written submissions and found that no evidentiary hearing was warranted. The court turns now to plaintiff's objections to the report and recommendation.

**II. Standard of Review**

The standard of review to be employed by the court when examining a report and recommendation is set forth in 28 U.S.C. § 636. This court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.*

III. Analysis

1. **Conversion of Motion**

In his first objection, plaintiff argues that the magistrate judge should not have converted defendants' motion to dismiss into a motion for summary judgment. Plaintiff's objection lacks merit as the conversion was warranted based on his reliance on matters outside the pleadings. The magistrate judge notified the parties of the conversion and specifically authorized plaintiff to submit any other additional matters in his objections to the report and recommendation. Despite this opportunity, plaintiff did not do so. In addition, plaintiff filed a sur-reply brief in which he responded to all of the exhibits relied upon by defendants. Even if the court were not to convert the motion, defendants would be entitled to dismissal under Federal Rule of Evidence 12(b)(6) based on deficient pleading.

2. **Absolute Prosecutorial Immunity**

Plaintiff argues that defendants Vance and Wininger are not entitled to absolute immunity because they were allegedly acting in an "investigatory manner." Plaintiff has submitted no evidence in support of this theory. Rather, the evidence is clear that the allegedly false statement of McCloud in 2009 was made long before any defendant in this case became involved in the Howard Boys investigation. Also, McCloud did not

recant her statement until October, 2013, more than a year after plaintiff was indicted; thus, there is no basis upon which any defendant could have questioned her statement prior to the indictment. Plaintiff's objections state that his claims against AUSAs Wininger and Vance are based upon the fact that they obtained an "unfounded indictment," "present[ed] false evidence to the grand jury," "chose to prosecute Plaintiff," and because of their "presentation of said fabricated and unreliable evidence." (Doc. 21, PgID 130-32). AUSAs Wininger and Vance are entitled to absolute prosecutorial immunity for such conduct. *Koubriti v. Convertino*, 593 F.3d 459, 467 (6th Cir. 2010).

### 3. Evidence of Malicious Prosecution

In his third objection, plaintiff argues that he has submitted sufficient evidence of malicious prosecution to survive defendants' motion. In order to state a claim for malicious prosecution under *Bivens*, "a plaintiff must prove the following: (1) a criminal prosecution was initiated against the plaintiff and the defendant made, influenced, or participated in the decision to prosecute; (2) there was no probable cause for the criminal prosecution; (3) as a consequence of the legal proceeding, the plaintiff suffered a deprivation of liberty apart from the initial seizure; and (4) the criminal proceeding was resolved in the plaintiff's favor." *Robertson v. Lucas*, 753

F.3d 606, 616 (6th Cir. 2014) (citing *Sykes v. Anderson,* 625 F.3d 294, 308-09 (6th Cir. 2010)).

For the reasons discussed above, AUSAs Vance and Wininger are entitled to absolute prosecutorial immunity for their presentation of evidence to the grand jury whether the court considers the issue on a motion to dismiss or a motion for summary judgment.

The court now considers whether the evidence is sufficient to create a genuine issue of material fact as to Agent Sondgeroth. First, as to his testimony before the grand jury, he is entitled to absolute witness immunity. *Rehberg v. Paulk*, 566 U.S. 356, 369 (2012). The magistrate judge found that plaintiff's claim against Agent Sondgeroth could not survive its motion to dismiss or for summary judgment because plaintiff cannot show a lack of probable cause for the prosecution because the grand jury returned an indictment. Recently, the Sixth Circuit reiterated the rule that once the grand jury returns an indictment, there is a presumption that probable cause exists for the prosecution which cannot be overcome by "'claiming that a grand jury witness conspired to present false testimony or by using evidence of the witness' testimony to support any other [*Bivens*] claim concerning the initiation or maintenance of a prosecution.'" *Sanders v. Jones*, 845 F.3d 721, 733 (6th Cir. 2017) (quoting *Rehberg*, 132 S. Ct. at

1506)).  However, the Sixth Circuit noted that a defendant could be liable for malicious prosecution for falsifying affidavits and fabricating evidence outside the grand jury room.  *Id.* at 734.  No such evidence exists here.

In this case, there is no factual basis for plaintiff's argument that Agent Sondgeroth fabricated evidence.  Plaintiff's sole claim is that he was allegedly aware that McCloud had recanted her earlier identification of plaintiff prior to the presentation to the grand jury.  But the evidence demonstrates that McCloud did not recant her identification until 2013 after the grand jury returned the indictment in 2012.  Moreover, the fact that a witness changes her testimony does not mean that a government agent fabricated her earlier statement.  It would merely be an issue for the factfinder at trial whether to believe her earlier statement made in September, 2009, when her memory of the September 9, 2009 drug buy would be sharper, or her recantation four years later.

The evidence is unrefuted that Agent Sondgeroth had no involvement in taking McCloud's 2009 statement or in having her identify plaintiff as the person who sold her cocaine.  Accordingly, Agent Sondgeroth is entitled to qualified immunity because plaintiff has presented no evidence that he violated plaintiff's constitutional rights.

### 4. Allegedly False and Fabricated Evidence

Plaintiff's fourth objection largely reiterates his prior objections. He argues that defendants lacked probable cause to prosecute him because they relied on false testimony before the grand jury. For the reasons discussed previously, AUSAs Vance and Wininger are shielded by absolute prosecutorial immunity for claims regarding their presentation of evidence to the grand jury. *See Koubriti*, 593 F.3d at 467. As to Agent Sondgeroth, plaintiff has presented no evidence that Agent Sondgeroth was aware that McCloud had recanted her earlier identification of plaintiff as the seller of cocaine prior to the grand jury's return of the indictment. In fact, Agent Sondgeroth did not begin working on the Howard Boys investigation until 2010. Moreover, McCloud did not recant her identification of plaintiff as the seller of crack cocaine until 2013, over a year after the indictment was issued.

Also, the record shows that Carvell Gordon also identified plaintiff as the seller of crack cocaine in the drug transaction taking place on September 9, 2009; thus, probable cause existed to indict plaintiff, even if the grand jury did not consider McCloud's statement. In his sur-reply, plaintiff alleges that Gordon's testimony is also false and was based on his own self-interest, but has not alleged that any of the defendants fabricated

Gordon's testimony or knew that it was allegedly false. In addition, Defendants suggests that McCloud's 2013 recantation of her identification of plaintiff may be suspect when considered in light of the fact that when plaintiff was ordered detained pending trial in his criminal case, the magistrate judge noted that the government had proffered evidence that plaintiff's social media postings indicated a willingness to intimidate witnesses. (No. 12-cr-20287, Doc. 53 at PgID 112).

### 5. Evidentiary Hearing

Plaintiff argues that an evidentiary hearing is warranted so that he can present witness testimony from McCloud, his criminal trial attorney Mark Gatesman, plaintiff's private investigator, Carvell Gorden, and unnamed additional potential witnesses. The court does not deem such testimony necessary to adjudicate the instant dispute, and plaintiff's request for an evidentiary hearing is DENIED.

## IV. Conclusion

For the reasons set forth above, plaintiff's objections to the report and recommendation (Doc. 21) are OVERRULED. The court ACCEPTS the report and recommendation (Doc. 20) as the findings and conclusions of this court. Defendants Vance and Wininger are entitled to absolute prosecutorial immunity and defendant Sondgeroth is entitled to absolute

and qualified immunity. Defendants' motion to dismiss or for summary judgment (Doc. 14) is GRANTED.

**IT IS SO ORDERED.**

Dated: August 29, 2017

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
August 29, 2017, by electronic and/or ordinary mail and also
on Jamil Cureton, 801 East Woodcroft Parkway,
Apt. 1831, Durham, NC 27713.

s/Barbara Radke
Deputy Clerk